UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RONALD CHARLES VROOMAN et al, *by special appearance in properia Persona sui juris and PAGs, investigators, witnesses Oregonians in general, Americans of this jurisdiction on the land in Oregon, both citizens and state nationals*, | Case No. 3:16-cv-01109-YY |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| KATHERINE D. ARMSTRONG, *the Government represented by Katherine D Armstrong #309665 of the FBI #878865674 on the BUNDY et al documents as plaintiff*, | |
| Defendant(s). | |

YOU, Magistrate Judge:

## INTRODUCTION

This is the second case that plaintiffs, Ronald Charles Vrooman and Henry Lyle Mayhew, have filed in this court as Private Attorney Generals ("PAGs") naming Federal Bureau of Investigations ("FBI") Special Agent Katherine D. Armstrong ("Armstrong") as defendant. The first case against Armstrong, *Vrooman et al v. Armstrong et al*, 3:16-cv-00770-YY, was filed on May 3, 2016. Plaintiffs brought that case as PAGs on behalf of the accused Bundy defendants in a separate criminal matter before this court, Case No. 3:16-cr-00051-BR. On

1 – FINDINGS AND RECOMMENDATIONS

June 29, 2016, United State Judge Michael H. Simon dismissed that case for lack of subject-matter jurisdiction because plaintiffs did not allege that they were injured by Armstrong's involvement in the events that led to the arrest of the Bundy defendants.

For the reasons stated below, this Complaint should also be dismissed.

## FINDINGS

1.  Magistrate Judges have authority to issue findings and recommendations

As an initial matter, plaintiffs challenge the authority of a United States Magistrate Judge to issue findings and recommendations in their case. Complaint, p. 10. Plaintiffs contend, "This is an article III court and you must be an Article III judge or recuse yourself immediately." *Id.*

Contrary to plaintiffs' assertion, Magistrate Judges have authority under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72(b) to enter a recommended disposition, known as Findings and Recommendations, on matters dispositive of a party's claim such as dismissal of the case. The Findings and Recommendations are then referred to an Article III judge who may or may not adopt the recommended disposition.

2.  Lack of subject-matter jurisdiction and failure to state a claim for relief

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The court also has authority to dismiss a complaint *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). "Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing that the plaintiff is entitled to relief. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff *pleads factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* (emphasis added). Where the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Although *pro se* complaints are to be interpreted liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Here, the allegations in the Complaint are largely identical to those in the first case. Again, Plaintiffs seek relief for the purported denial of "civil rights violations, due process violation[s] and RICO" that arose during the arrest and incarceration of the Bundy defendants in Case No. 3:16-cr-00051-BR. Complaint, pp. 7, 23. As ordered in *Vrooman et al v. Armstrong et al*, 3:16-cv-00770-YY, all claims brought against Armstrong on behalf of the Bundy defendants should be dismissed with prejudice for lack of subject-matter jurisdiction.

3 – FINDINGS AND RECOMMENDATIONS

The Complaint has evolved from the first case in one respect. Plaintiffs now also allege violations of their own civil rights, specifically their right to "practice law and assist." Complaint, pp. 4–5. It appears that plaintiffs are alleging due process violations based on this court's ruling in their prior case, Case No. 3:16-cv-00770, that they lacked standing to serve as PAGs on behalf of the Bundy defendants. *Id.* However, there is no allegation that Armstrong, the only named defendant, was responsible or in any way involved in issuing the court's ruling.

The Complaint also alleges violations by Washington County; the Circuit Court for Washington County; the City of Beaverton; and Bill Kirby, Beaverton City Attorney. Complaint, pp. 9-10, 13–14, 17. Apparently, Mr. Vrooman was incarcerated by Washington County for "trespass with a firearm" and alleges that the City of Beaverton spearheaded his "false arrest and unlawful incarceration." *Id*, pp. 14, 17. The Complaint further alleges that Circuit Court Judge Charlie Bailey refused to accept documents from Mr. Vrooman in a small claims proceeding in the Circuit Court of Washington County. *Id*, p. 20.

However, the Complaint is completely silent as to the source of this court's jurisdiction over those civil rights violations. Plaintiffs also have refused to fill out the Civil Cover Sheet which would indicate, among other things, the court's jurisdiction to preside over the matter. Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir. 1991), *cert. denied*, 503 U.S. 936 (1992).

4 – FINDINGS AND RECOMMENDATIONS

Even if plaintiffs were seeking remedies under 42 USC § 1983, they cannot state a claim against this court or the Circuit Court for Washington County. Judges are entitled to absolute immunity "from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1986), citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*). The only time a judge loses absolute immunity is "when he [or she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id* (citing *Forrester v. White*, 484 U.S. 219, 226-30 (1988), *Stump v. Sparkman*, 435 U.S. 349, 356-57 & n7 (1978), and *Ashelman*, 793 F.2d at 1075). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of [judicial] immunity." *Id* (citing *Stump*, 435 U.S. at 355-57).

This court was acting within its authority to dismiss plaintiffs' prior case, Case No. 3:16-cv-00770, for lack of standing. With respect to Washington County Circuit Court, plaintiffs fail to allege exactly what the judges there did. To the extent they performed judicial acts within the scope of a judge's jurisdiction, they are also entitled to judicial immunity and cannot be sued for damages under § 1983.

That leaves only Mr. Vrooman's potential § 1983 claims for false arrest and unlawful incarceration against Washington County, the City of Beaverton, and their employees. In order to state a claim for false arrest and unlawful incarceration, Mr. Vrooman must allege specific facts against a named defendant and identify how that defendant's conduct violated his rights. *See Polk v. Montgomery County*, 548 F. Supp. 613, 614 (D. Md. 1982)(the absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to FRCP 12(b)). Again, the Complaint fails to meet the FRCP

5 – FINDINGS AND RECOMMENDATIONS

Rule 8 standard. It does not contain facts identifying who was responsible for arresting and detaining Mr. Vrooman or how that conduct violated his rights.

Although highly unlikely, it is not impossible that Mr. Vrooman may be able to allege facts sufficient to state a claim over which this court has jurisdiction. Additionally, a *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Therefore, Mr. Vrooman should be given 30 days to file an amended Complaint to cure these deficiencies consistent with the pleading rules set forth above and advised that the failure to do so will result in the dismissal of this action.

## RECOMMENDATIONS

The Complaint (docket #1) should be dismissed *sua sponte* with prejudice as to all claims brought against Armstrong on behalf of the Bundy defendants, and otherwise without prejudice. Plaintiffs should be given 30 days to file an amended complaint, but the amended complaint must cure the deficiencies described above.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Thursday, August 11, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//

//

6 – FINDINGS AND RECOMMENDATIONS

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED July 25, 2016.

s/Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge