UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

RONALD CHARLES VROOMAN et al,

        Plaintiffs,

    v.

KATHERINE D. ARMSTRONG,

        Defendant.

Case No. 3:16-cv-01109-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge:

**INTRODUCTION**

      This is the second case that plaintiffs, Ronald Charles Vrooman and Henry Lyle Mayhew, have filed in this court as Private Attorney Generals ("PAGs") naming Federal Bureau of Investigations ("FBI") Special Agent Katherine D. Armstrong ("Armstrong") as defendant. The first case against Armstrong, *Vrooman et al v. Armstrong et al*, 3:16-cv-00770-YY, was dismissed on June 29, 2016 (docket #27). On August 12, 2016, United States Judge Michael H. Simon dismissed the Complaint in this case with prejudice as to any claims brought as PAGs on behalf of the accused Bundy defendants in the criminal matter before this court, Case No. 3:16-cr-00051-BR. However, plaintiffs were granted leave to cure the identified deficiencies in their attempt to allege violations of their own civil rights under 42 USC § 1983. Plaintiffs filed a First

1 – FINDINGS AND RECOMMENDATIONS

Amended Complaint (docket #12) on August 19, 2016, within the time allotted.  For the reasons stated below, the First Amended Complaint should also be dismissed.

## FINDINGS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  The court also has authority to dismiss a complaint *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  "Such dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

The Amended Complaint does not appear to address the deficiencies identified in the court's prior Findings and Recommendations (docket #5), adopted by United States Judge Michael H. Simon on August 12, 2016 (docket #9).  In that ruling, the court found that the only possible claim contained in the allegations of the Complaint falling within the court's limited jurisdiction was a 42 USC § 1983 claim based on Mr. Vrooman's alleged false arrest and incarceration.  The court granted plaintiffs leave to amend the Complaint to allege specific facts against a named defendant and identify how that defendant's conduct violated Mr. Vrooman's rights.

Instead, plaintiffs have amended the pleading to bring a "criminal complaint" based on alleged malfeasance or procedural errors in prior and pending cases, namely 3:16-cv-00770-YY and 3:16-cr-00051-BR.  There are absolutely no discernable factual allegations against those defendants previously identified as potentially responsible for violating Mr. Vrooman's civil

rights, such as Washington County; the Circuit Court for Washington County; City of Beaverton; or Bill Kirby, Beaverton City Attorney. In fact, none of these parties appear in the First Amended Complaint allegations, although the City of Beaverton is named in the caption. The new allegations also do not provide specificity as to the nature of the civil rights violations.

In their newest allegations, plaintiffs petition the court to pursue criminal charges against the federal government and the State of Oregon. The federal statute cited, 18 USC § 3571, simply provides a schedule of maximum fines applicable in a federal criminal proceeding, but does not provide any private right of action. This court cannot resolve a criminal dispute brought by a private citizen. Criminal statutes are public in nature, prosecuted in the name of the United States. "The presence of a criminal statute neither creates nor implies a corresponding private right of action. . . . Simply stated, private citizens generally have no standing to institute federal criminal proceedings." *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060–61 (D. Minn. 2009) (citing *United States v. Wadena*, 152 F.3d 831, 845–46 (8th Cir. 1998)). For these reasons, the First Amended Complaint should be dismissed for failure to cure previously noted deficiencies and for the failure to allege any new discernable claim.

## **RECOMMENDATIONS**

The First Amended Complaint (docket #12) should be dismissed *sua sponte* with prejudice as to all claims.

## **SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, October 19, 2016. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED: September 30, 2016.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge